**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **JAMES CLEAVER** | § | |
| | § | |
| **V.** | § | **A-20-CV-539-LY** |
| | § | |
| **SEKOU MA'AT, WARDEN,** | § | |
| **FCI BASTROP** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:     THE HONORABLE LEE YEAKEL
         UNITED STATES DISTRICT JUDGE

Before the Court is Petitioner James Cleaver's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Dkt. No. 1); Cleaver's Motion for Injunctive Relief (Dkt. No. 7); Ma'at's Motion to Dismiss for Lack of Jurisdiction (Dkt. No. 11); Cleaver's Motion to Strike the Motion to Dismiss (Dkt. No. 14); and Ma'at's Reply (Dkt. No. 16); Cleaver's Motion for Summary Judgment (Dkt. No. 12); Cleaver's Motion to Compel (Dkt. No. 13); Ma'at's Response to the Motion to Compel and Motion for Summary Judgment (Dkt. No. 15); and Cleaver's Reply (Dkt. No. 17). The District Court referred the above-case to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Court Rules.

**I. GENERAL BACKGROUND**

Cleaver is currently confined at Bastrop FCI, and seeks transfer to home confinement because of the COVID-19 pandemic. He asserts that he is an "at risk individual" under CDC Guidelines and under the guidelines set out by the Attorney General in a March 26, 2020 Memorandum to the Bureau of Prisons, should be released to home confinement. Cleaver asserts he applied for transfer

to home confinement and was denied by the BOP because of his violent offender status.[1] Cleaver further asserts that the BOP did not apply the proper analysis, in accordance with the Attorney General's Memorandum, in denying him home confinement. Lastly, Cleaver claims that the current configuration of three inmates to a cell and lack of more than one hour outside the cell due to an effort to minimize the spread of COVID-19 constitutes cruel and unusual punishment in violation of the Eighth Amendment. Ma'at moves to dismiss Cleaver's claims pursuant to Federal Rule of Civil Procedure 12(b), asserting the Court lacks subject matter jurisdiction to hear them.

## II. ANALYSIS

First, regarding Cleaver's constitutional challenge to the conditions of his confinement, in the Fifth Circuit, habeas relief is not available to review questions unrelated to the fact or duration of a prisoner's detention. *Pierre v. United States*, 525 F.2d 933, 935 (5th Cir. 1976). Where a prisoner challenges the conditions of his confinement or prison procedures, the proper vehicle is a civil rights action. *Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997). Thus, to the extent Cleaver seeks to raise constitutional challenges to the conditions of his confinement, he must file a civil suit, and cannot bring them up in the context of a habeas petition.

With regard to Cleaver' s request to be released to home confinement, it is well settled that there is no constitutionally protected right to be confined in any particular place, including in-home confinement. *See Rublee v. Fleming*, 160 F.3d 213, 214 (5th Cir. 1998); *Zerby v. Keffer*, 2010 WL 3835235, at *2, (N.D. Tex. 2010), report and recommendation adopted, 2010 WL 3835148 (N.D. Tex. 2010). Absent a court's modification of a sentence under 18 U.S.C. § 3582(c), the discretion to release a prisoner to home confinement lies solely with the Attorney General and the Bureau of

---

[1] Cleaver, a tax protester, was convicted in a jury trial for violating 18 U.S.C. § 844(f), Destroying Government Property by Fire, for setting fire to an Internal Revenue Service office in Colorado Springs, Colorado.

Prisons by delegation. *See United States v. Sneed*, 63 F.3d 381, 389 n.6 (5th Cir. 1995) (declining to consider a defendant's request for home confinement "because such requests are properly directed to the" BOP and citing to 18 U.S.C. § 3624(c), which provides that the BOP has authority to "place a prisoner in home confinement"). Thus, this Court has no authority to compel the BOP to release Cleaver to home confinement under the Attorney General's memo. This is true even under the provisions of the recently enacted Coronavirus Aid, Relief, and Economic Security ("CARES") Act, Pub. L. No. 116-136, enacted on March 27, 2020, as, like the Memoranda of the Attorney General to the BOP director, dated March 26 and April 3, 2020, the CARES Act does not provide the courts statutory authority to modify a defendant's place of incarceration. *See, e.g., Haar v. Carr*, 2020 WL 3895298 (N.D. Tex. July 10, 2020). Other courts have recognized that because the decision to release to home confinement is reserved to the BOP, a district court has no jurisdiction to order home confinement under the CARES Act. *See United States v. Gentry*, 2020 WL 2131001, at *5 (W.D. La. May 5, 2020).

To the extent Cleaver seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A), this Court also lacks the jurisdiction to grant this relief. The Fifth Circuit has found that only the sentencing court has jurisdiction to consider a § 3582(c) motion. *See Landazuri v. Hall*, 423 F. App'x 475, 476 (5th Cir. 2011). Cleaver was sentenced in Colorado. To the extent Cleaver has incorporated a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), such motion should be dismissed without prejudice for lack of jurisdiction and Cleaver may file it in Colorado is he so chooses.

## III. RECOMMENDATION

The undersigned **RECOMMENDS** that the District Court **DISMISS** James Cleaver's Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241 (Dkt. No. 1) for lack of

jurisdiction. The Court **FURTHER RECOMMENDS** that the District Court **DENY** all other pending motions in this case as **MOOT**.

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 18th of August, 2020.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE